**In the Matter of J.W.**

**Indiana Department of Child Services, Appellant,**

v.

**V.B. and C.W., Appellees.**

**No. 32A01–0906–JV–283.**

Court of Appeals of Indiana.

Aug. 20, 2009.

Jon R. Rogers, Avon, IN, Attorney for Appellant.

**OPINION**

FRIEDLANDER, Judge.

J.W., a minor, was taken into custody by the Indiana Department of Child Services (DCS) and an emergency detention hear-

ing was held in conjunction therewith on March 30, 2009. At the hearing, the trial court appointed a guardian ad litem (GAL) for J.W. and ordered the DCS to pay the GAL's fees. The DCS appeals the order to pay those fees.

We reverse.

We need not recite facts other than those set out above, as those are the only facts relevant to this appeal. The question presented is whether the DCS is obligated to pay the GAL's fees, or whether, as the DCS contends, that obligation properly belongs to the county—in this case, Hendricks County. Another panel of this court recently addressed precisely this issue. In *In re N.S.*, 908 N.E.2d 1176 (Ind. Ct.App.2009) we undertook an examination of the relevant statutes, i.e., Ind.Code Ann. § 31–40–3–2 (West, Premise through 2009 Public Laws approved and effective though 4/20/2009), and Ind.Code Ann. § 33–24–6–4 (West, Premise through 2009 Public Laws approved and effective though 4/20/2009). With respect to the former, we determined that the fiscal body of the county is responsible for appropriating money for use by the courts in providing GAL or CASA services. We further determined that the latter "supports the proposition that the burden of financially supporting GAL and CASA programs lies with the county[.]" *In re N.S.*, 908 N.E.2d at 1182. Thus, we concluded:

> the trial court erred in ordering DCS to pay the fees associated with the services provided by the GALs in the instant matters. In addition, we recognize the distinct roles of each of our three branches of government and thus leave to the legislative branch the question of whether, in light of the trend toward State funding of child welfare costs, the costs associated with GALs and CASAs should be shifted to the State. Under our current statutory scheme, however,

it is clear that the burden of paying for services rendered by GALs or CASAs should be attributed to and paid for by the county.

*Id.* at 1182–83. We have examined the analysis in *In re N.S.* and find ourselves in agreement therewith. Accordingly, adopting the rationale set out in *In re N.S.*, we conclude that the trial court erred in ordering the DCS to pay the fees associated with J.W.'s GAL.

Judgment reversed.

BAKER, C.J., and RILEY, J., concur.